**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER PETERSON, | ) | |
| ID # 42728-177, | ) | |
|     Movant, | ) | |
| vs. | ) | No. 3:13-CV-0565-M-BH |
| | ) | No. 3:11-CR-0023-M (03) |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody*, filed February 1, 2013 (doc. 2), should be **DENIED** with prejudice.

**I. BACKGROUND**

Christopher Peterson (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-023-M (3). The respondent is the United States of America (Government).

**A.**     <u>**Plea and Sentencing**</u>

Movant was charged by superseding indictment with bank robbery in violation of 18 U.S.C. § 2113(a), (d). (*See* Superseding Indictment). On May 23, 2011, he pled guilty pursuant to a plea agreement. (*See* docs. 96, 133).[1] In the plea agreement, he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, to challenge the voluntariness of his plea or waiver, or to bring a claim of ineffective assistance of counsel. (doc. 96 at 4-5). The government agreed not to

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

bring any additional charges against Movant based on upon the underlying conduct. (*Id.* at 3). Movant also signed a factual resume in which he stipulated to the facts supporting his guilty plea and stipulated that he was a leader/organizer of the bank robbers and was one of the two gunmen who committed the bank robbery. (doc. 97 at 2, 6). During his rearraignment hearing, Movant acknowledged the appeal waiver, testified that he read the factual resume before he signed it, and confirmed that the facts stated in the factual resume were true. (doc. 277 at 16-17).

The probation office prepared a pre-sentence report (PSR) that contained a two-level enhancement for the robbery of a bank, a six-level enhancement for the use of a firearm during the commission of the offense, and a three-level enhancement because Movant and his co-defendants stole $421,000 during the robbery. (PSR ¶¶ 30-32) ). After a three-level adjustment for acceptance of responsibility, the PSR reflected a total offense level of 28 and a criminal history level III, resulting in a guideline sentence range of 97 to 121 months. (PSR ¶¶ 36, 73). The government objected to the PSR on the basis that there was no leader/organizer sentence enhancement. (doc. 190). The defense objected that there had been a six-level enhancement for use of a firearm rather than a five-level enhancement, and that one of prior convictions used to determine Movant's criminal history occurred when he was a juvenile. (doc. 194).

At the sentencing hearing on September 28, 2011, the Court overruled the defense's objection to the firearm enhancement, and counsel withdrew the other objection because the probation officer produced evidence that Movant was not a juvenile when he committed a prior burglary. (doc. 274 at 2-6). The Court sustained the Government's objection and applied a four-level enhancement for leadership role. This raised the sentencing guideline range to 152 to 188 months. (doc. 274 at 7-8). Noting that the plea agreement allowed Movant to avoid being charged and sentenced under 18 U.S.C. § 924(c) for using a firearm while committing a crime of violence,

and acknowledging the seriousness of the offense, Movant's criminal history, and his difficult upbringing, the Court sentenced Movant to 188 months, followed by five years of supervised release. (*Id*. at 11-18; doc. 249).

Movant filed an appeal that was dismissed as frivolous by the Fifth Circuit on January 9, 2013. *United States v. Peterson*, No. 11-10990 (5th Cir. February 5, 2013). He did not file a petition for writ of certiorari with the Supreme Court.

**B.** **Substantive Claims**

Movant claims that trial counsel was ineffective for stipulating to his leadership role in the offense in the factual resume, which allowed the government to argue for a leadership role sentence enhancement. (Brief at 2-3). The government filed a response on April 22, 2013. ("Resp."). Movant filed no reply brief.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-

assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims that his trial attorney provided ineffective assistance of counsel by submitting a factual resume to the court that stipulated to his leadership role in the offense, resulting in a sentence enhancement.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice

4

in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant has failed to demonstrate that counsel was deficient by submitting a factual resume that included a stipulation to a leadership role in the offense, or to demonstrate a reasonable probability that he would have insisted on going to trial but for this alleged error. With regard to the stipulation, the prosecutor stated on the record at the sentencing hearing that "we put it in the factual resume" with the expectation that Movant would receive an enhancement based on his leadership role and agreed not to pursue additional charges against him. (doc. 274 at 12). Furthermore, there is a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). There is also a presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant signed the factual resume and stated under oath during his rearraignment hearing that he had read the factual resume, and that it was true. Movant has not demonstrated that counsel was deficient for submitting a true factual resume in support of a plea agreement that benefitted him.

5

Movant has likewise not demonstrated any prejudice because he has not shown a reasonable probability that his sentence would have been significantly less harsh but for the stipulation. The prosecutor's statement reflects that the stipulation was an important part of the plea agreement. Movant has not demonstrated that the government would have entered into a plea agreement absent the stipulation. Nor has he shown that a the absence of a plea agreement would have resulted in a lower sentence. Furthermore, the Court found at the sentencing hearing, based on the "particulars of this case", that Movant had a leadership role. (doc. 274 at 7-8). Movant has not shown a reasonable probability that the Court would not have made this finding if he had not stipulated to his role in the factual resume. To the contrary, the sentencing hearing transcript reflects the Court's particular concern that Movant was one of two co-defendants who pointed a gun at the guard during the offense. (*Id*. at 14-15). Movant's sole ground for relief is therefore without merit.

### IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

### V. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 10th day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE